UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NATHANIEL BROWN** | **DOCKET NO. 6:21-cv-4334**<br>**SECTION P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MEDICAL DEPT.,**<br>**ST. MARTINVILLE PARISH JAIL, ET AL** | **MAGISTRATE JUDGE HANNA** |

### MEMORANDUM ORDER

Before the court is an original (rec. doc. 1) and amended (rec. doc. 6) civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff Nathaniel Brown, who is proceeding *pro se* and *in forma pauperis* in this matter. Brown, currently incarcerated at United States Penitentiary in Pollock, Louisiana, filed the instant suit raising claims arising out of his incarceration at the St. Martin Parish Jail.

### I. Procedural Background

Plaintiff filed the instant civil rights complaint on December 16, 2021, complaining of three separate events that occurred at the St. Martin Parish Jail. First, he complains that he was running a fever of 107-109 degrees, and despite asking for medical care, he was denied same by Ms. Mott and Nurse Lakiesha Young. Next, he claims that he was denied medical care by Lt. Brown and Nurse Young after complaining of a toothache. Finally, he alleges that he was denied medical care after

being stabbed with a rusty piece of metal and, after letting the medical staff know that he had a staph infection on his back, he was refused medical attention.

Plaintiff also informs the Court that he has submitted several administrative remedy procedure forms against staff members, including Ms. Liz, Warden EJ, Mr. Arceaneaux, Ms. Francis, Lt. Brown, Nurse Lakeisha Young, Ms. Francheska, Ms. Daigle, Milbrey, and Mr. Courtney. Doc. 1, p. 7. He also complains that Captain Picard has given him no justice. Doc. 6, p. 3.

## II. Law and Analysis

### A. *Frivolity Review*

Brown has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a

complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege

"sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

   (1)   the name(s) of each person who allegedly violated plaintiff's constitutional rights;

   (2)   a description of what actually occurred or what each defendant did to violate plaintiff's rights;

   (3)   the place and date(s) that each event occurred; and

   (4)   a description of the alleged injury sustained as a result of the alleged violation.

As far as the Court can determine, plaintiff has named the following as defendants in his suit: (1) Medical Department St. Martinville Parish Jail; (2) Warden EJ; (3) Lakiesha Young; (4) Lt. Brown; (5) CO Arceanueaux; (6) CO Mott; (7) Francheska (or Fran Cheskar); (8) CO County; (9) CO Milbrey; and (10) Captain Picard. However, he fails to allege sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which each

defendant could fairly appreciate the claim made against them. <u>Plaintiff should amend his complaint to provide the information required by Rule 8,</u> as set forth above.

### D. Medical Care

It appears that at the time of filing, plaintiff was a pre-trial detainee. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to episodic acts or omissions. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff's allegations herein are insufficient. He should amend to comply with Rule 8 and to provide facts to establish what EACH defendant did that displayed a subjective intent to cause harm. He should also set forth facts to establish deliberate indifference and personal involvement on the part of each defendant who allegedly denied him medical care, with respect to each of the three incidents set forth in his filings.

Further, he should amend to identify whether he contends that he is still in need of medical care. If so, he should provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health.

### E. Supervisory official

Brown names as a defendant Warden EJ and Captain Picard, who appear to have only supervisory roles. Vicarious liability does not apply in a Section 1983 suit, and so "the plaintiff . . . must plead that each Government-official defendant, through his own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Brown must plead adequate facts to support a finding of deliberate indifference for these defendants or dismiss his claims against them.

### F. Improper Party

Plaintiff sued the Medical Department at the St. Martinville Parish Jail. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Medical Department at the St. Martinville Parish Jail. has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The Medical Department at the St. Martinville Parish Jail is not a juridical person and therefore, plaintiff should amend his complaint to dismiss this defendant.

### III. Conclusion

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 13th day of April, 2022.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**