# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **NATHANIEL BROWN** | **DOCKET NO. 6:21-cv-4334** |
| | **SECTION P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MEDICAL DEPT. ST. MARTINVILLE PARISH JAIL, ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the court are the original and amended civil rights complaints filed pursuant to 42 U.S.C. § 1983, by plaintiff Nathaniel Brown, who is proceeding *pro se* and *in forma pauperis* in this matter. Brown, currently incarcerated at the United States Penitentiary in Pollock, Louisiana, filed the instant suit raising claims arising out of his incarceration at the St. Martin Parish Jail. On April 13, 2022, the undersigned ordered plaintiff to amend his complaint to provide more details about his claims. Rec. Doc. 9. Plaintiff did so on May 11, 2022. Rec. Doc. 11. The matter is now ripe for a second review.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that that all claims against the St. Martin Parish Jail, Warden EJ, Captain Picard, CO

Arceneaux, CO Mott, Fran Cheskar, CO County, and CO Milbrey be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## *Statement of the Case*

Plaintiff filed the instant civil rights complaint on December 16, 2021, complaining of three separate events that occurred at the St. Martin Parish Jail. First, he complains that he was running a fever of 107-109 degrees, and despite asking for medical care, he was denied same by Nurse Lakiesha Young. Next, he claims that he was denied medical care by Lt. Brown and Nurse Young after complaining of a toothache. Finally, he alleges that he was denied medical care after being stabbed with a rusty piece of metal and, after letting the medical staff know that he believed he had a staph infection on his back, he was refused medical attention.

## *Law and Analysis*

1. **Frivolity Review**

Brown has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. Juridical Person

Plaintiff has sued the St. Martin Parish Jail (SMPJ). Federal Rule of Civil Procedure Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the SMPJ has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A parish prison facility is not a juridical person capable of being sued. A jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La. 1998); *Anderson v. St. Martin Parish*, 2016 U.S. Dist.

3

LEXIS 165470 (W. D. La. 2016). The SMPJ is not a juridical person and therefore, plaintiff's claims against it must be dismissed.

### 3. Warden EJ and Captain Picard

Plaintiff names Warden EJ and Captain Picard as defendants. Vicarious liability does not apply in a Section 1983 suit, and so "the plaintiff . . . must plead that each Government-official defendant, through his own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). The crux of the allegations against the Warden and the Captain are that they refused to transfer him from SMPJ, despite his repeated requests. Plaintiff does not have a protected liberty interest in where he is placed, see *Meachum v. Fano*, 96 S. Ct. 2532, 2538 (1976), or a constitutional right to be incarcerated in a certain facility or unit, *see Olim v. Wakinekona*, 103 S. Ct. 1741, 1744 (1983). *Cf. Ready v. Fleming,* 2002 U.S. Dist. LEXIS 10997, 2002 WL 1610584 (N.D. Tex. July 19, 2002). Accordingly, this claim is without merit.

### 4. Denial/Delay in Medical Care

At the core of plaintiff's complaint is the assertion that he was denied medical care on three separate occasions, in violation of his constitutional rights. First, he contends that he was denied medical treatment when he had high fever. Next, he alleges that he had a toothache and, despite requesting medical care, he was denied.

4

Finally, he complains that he was denied medical care after being stabbed by a piece of rusty metal.

It appears that at the time of filing, plaintiff was a pre-trial detainee. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to episodic acts or omissions. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Despite being giving the opportunity to amend to provide more details regarding claims against each named defendant, the plaintiff has filed to provide facts to establish subjective deliberate indifference to his rights and/or that this deprivation was brought about by the deliberate indifference of the following named defendants: CO Arceneaux, CO Mott, Fran Cheskar, CO County, or CO Milbrey. Accordingly, he has failed to state a claim upon which relief can be granted against these individuals[1].

---

[1] Claims against Nurse Lakeisha Young and Lt. Brown will be addressed in a separate order.

*Conclusion*

Therefore,

**IT IS RECOMMENDED** that all claims against the St. Martin Parish Jail, Warden EJ, Captain Picard, CO Arceneaux, CO Mott, Fran Cheskar, CO County, and CO Milbrey be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 27th day of July, 2022.

_____
**Patrick J. Hanna**
**United States Magistrate Judge**