UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NATHANIEL BROWN**            :            **DOCKET NO. 6:21-cv-04334**

**VERSUS**                     :            **JUDGE TERRY A. DOUGHTY**

**ST. MARTINVILLE PARISH**     :            **MAGISTRATE JUDGE AYO**
**JAIL MEDICAL DEPT., ET AL**

## REPORT AND RECOMMENDATION

On December 16, 2021, plaintiff Nathaniel Brown (Brown) filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, naming the following as defendants: Medical Dept. St. Martinville Parish Jail, Warden EJ, Lakiesha Young, Captain Picard, CO Arceneaux, CO Mott, Fran Cheskar, CO County, and CO Milbrey, the St. Martin Parish Jail and Lieutenant Erma Brown. Rec. Doc. 1. Judgment was entered on August 11, 2022, dismissing Medical Dept. St. Martinville Parish Jail, Warden EJ, Captain Picard, CO Arceneaux, CO Mott, Fran Cheskar, CO County, and CO Milbrey, and the St. Martin Parish Jail. Rec. Doc. 17. Before the court is a Motion for Summary Judgment filed by Lieutenant Erma Brown on January 17, 2023. Rec. Doc. 30. The plaintiff did not file an opposition. This matter is now ripe for review.

For the following reasons, **IT IS RECOMMENDED** that the defendants' Motion for Summary Judgment (rec. doc. 30) be **GRANTED,** and all claims against Lieutenant Erma Brown be **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

Plaintiff was housed at the St. Martin Parish Correctional Center ("SMPCC") from July 27, 2020, to January 11, 2021, until his transfer to United States Penitentiary, Pollock, where he is currently incarcerated. *See* Affidavit of Chief Legal Counsel and Records Custodian for SMPCC,

rec. doc. 30-5. Plaintiff alleges that, during his incarceration at the SMPCC, he was denied healthcare on three separate occasions. Rec. Doc. 1. Specifically, he complains of the following alleged episodic acts or omissions: (1) he alleges he was denied medical treatment for a "107 or 109" degree temperature, (2) he claims he was not examined and denied pain medication related to a toothache, and (3) he alleges he was not examined or provided medication for a stabbing by a fellow inmate. *Id*.

The SMPCC maintains a written grievance procedure which is outlined in the St. Martin Parish Sheriff Office Correctional Center Inmate Handbook provided to all inmates. Rec. Doc. 30-6. To initiate the grievance procedure an inmate must submit a written inmate grievance form to the jail screening officer. If the inmate is not satisfied with the decision of the screening officer, he or she is required to appeal that decision to the Warden. *Id*. If the inmate is not satisfied with the decision of the Warden, he or she must appeal that decision to the Sheriff.

In the present matter, the plaintiff failed to prepare a grievance form for two of his three complaints. Further, Plaintiff failed to appeal *any* grievance to either the Warden or the Sheriff. Rec. Doc. 30-7.

## II. LAW & ANALYSIS

### A. Legal Standards

#### 1. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by

identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

"A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of

contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Fed. R. Civ. P. 56(e)(2), L.R. 56.2

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id*. at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id*. (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. (citation and footnote omitted).

2. ***Prison Litigation Reform Act ("PLRA") Exhaustion Requirement***

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from

its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); see also *Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (*citing Porter*, 534 U.S. at 524).

The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available," and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some "action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639; *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (recognizing that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint" and "have no discretion to waive the PLRA's pre-filing exhaustion requirement").

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps,* 776 F.3d 296, 299-300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits. *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 272-73)). And exhaustion must have occurred

before the lawsuit is filed. *Gonzalez*, 702 F.3d at 788 ("[T]he case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 U.S. Dist. LEXIS 46267, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than any amended complaint). Also, when a prisoner "can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice." *McCoy v. Zook*, No. 3:20-CV-1051-B(BT), 2021 U.S. Dist. LEXIS 39475, 2021 WL 811854, at * 6 (N.D. Tex. Feb. 11,2021), rep. and rec. adopted, 2021 U.S. Dist. LEXIS 39349, 2021 WL 807249 (N.D. Tex. Mar. 3, 2021) (citing *Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280-81 (5th Cir. 2006) (per curiam); *Howard v. Gensil,* Civ. No. H-13-105, 2013 U.S. Dist. LEXIS 175000, 2013 WL 6440952 at *2 (S.D. Tex. Dec. 9, 2013) ("Because the deadlines for administrative remedies have passed, the action is properly dismissed with prejudice.") Courts are not "to inquire whether administrative procedures 'satisfy minimum acceptable standards' of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they maybe." *Alexander v. Tippah Cnty*., 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (citing *Booth*, 532 U.S. at 740 n.5 and *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

### 3. *Plaintiff's Failure to Exhaust Administrative Remedies*

Plaintiff's claims against Lieutenant Brown are abandoned based upon his failure to exhaust administrative remedies. The requisite procedural requirements are not defined by the PLRA but are instead set forth by the correctional facility grievance process itself. *Phillips v. Green*, 814 F. App'x 852 (5th Cir. 2020) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Further, the Louisiana Corrections Administrative Remedy Procedures Act requires an inmate to "initiate

his administrative remedies for a delictual action for injury or damages within ninety days from the injury or damage is sustained." La. R.S. 15:1172(B). If the inmate fails to "timely initiate or pursue his administrative remedies . . . his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice." 1 La. R.S. 15:1172(C). Further, the Louisiana Corrections Administrative Remedy Procedures Act vests the sheriff with authority to adopt administrative remedy procedures at each of their adult institutions. La. R.S. 15:1171(A)-(B); La. R.S. 15:1172(A).

Here, Plaintiff's claims arise from his confinement in the SMPCC. The SMPCC maintained in effect an administrative remedy procedure set forth in the St. Martin Parish Sheriff Office Correctional Center Inmate Handbook, which was promulgated by the St. Martin Parish Sheriff and provided to all inmates. Rec. Doc. 30-6. This grievance procedure requires an inmate to initiate a written grievance by submitting it to the jail screening officer. If the inmate is not satisfied with the screening officer's decision, he or she must appeal to the Warden. If the inmate is not satisfied with the Warden's decision, the inmate must appeal to the Sheriff. *Id*. Plaintiff only submitted a grievance form for one of the three alleged incidents. Rec. Doc. 30-7. Moreover, he failed to pursue an appeal to the Sheriff or Warden for any of the alleged events. Rec. Doc. 30-5. Because Lieutenant Brown has proven the existence of inmate administrative remedies in effect at the time of the alleged incidents, the burden shifts to Plaintiff to demonstrate he timely exhausted administrative remedies. *Mosley v. La. Dept. of Public Safety & Corrs.*, 07-1501 (La. App. 3 Cir. 4/2/08); 980 So.2d 836, 837. He cannot meet this burden. Consequently, the plaintiff's claims are abandoned as a matter of law and this action should be dismissed with prejudice. La. R.S. 15:1172(C); *Donahue v. Wilder*, 824 Fed.Appx. 261 (5th Cir. 2020).

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the instant Motion for Summary Judgment (doc. 30) be **GRANTED** and that all claims against Lieutenant Erma Brown be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**SIGNED** this 8th day of June, 2023, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**